# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
_____Civil_____ DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2016 NOV -1   AM 11: 08
CLERK _____
SO. DIST. OF GA.

*[Enter the full name of the plaintiff in this section]*

Hope D. Darrisaw
_____
_____

**Civil Action No.** CV316-082
*[to be assigned by Clerk]*

v.

*[Enter the full name of each defendant in this action.
If possible, please list only one defendant per line.]*

Pennsylvania Higher Education
Assistance Agency / FED LOAN
Servicing ("PHEAA"), and
_____

Todd E. Mosko
(D.B.A. "PHEAA")
_____
_____

If allowed by statute, do you wish to have a trial by jury? Yes ✓  No ____

*[If any answer requires additional space, please use additional paper and attach hereto]*

## I.   PREVIOUS LAWSUITS

A.   Have you begun other lawsuits in state or federal court dealing with the same Facts involved in this action?
     Yes _____  No ✓

B.  *If your answer to A is Yes, describe the lawsuit in the space below. [If more than one lawsuit, describe on another sheet using the same outline.]*

   1.  **Parties to this lawsuit:**

       *Plaintiff:* ___N/A_____

       *Defendant:* _____

   2.  **Court:** _____
       (If federal court, name the district; if state court, name the county)

   3.  **Docket Number:** _____

   4.  **Name(s) of Judge(s) to whom case was assigned:** _____

   5.  **Status of Case:** _____
       (For example, was the case dismissed? Settled? Appealed? Still Pending?)

   6.  **Date lawsuit was filed:** _____

   7.  **Date of disposition (if concluded):** _____

C.  Do you have any other lawsuit(s) pending in the federal court?

   Yes _____   No ✓

## II.  PARTIES

*In Item A below, place your name and address in the space provided. [If additional plaintiffs, do the same on another sheet of paper.]*

A.  **Name of Plaintiff:** Hope D. Darrisaw

   **Address:** 311 B Johnson Homes  Dublin, Ga. 31021

*In Item B below, place the full name of the defendant, and his/her/its address, in the space provided. Use Item C for additional defendants, if any.*

B.  **Name of Defendant:** Pennsylvania Higher Education Assistance Agency/ FEDLOAN Servicing ("PHEAA")

   **Address:** 1200 North Seventh Street  Harrisburg, Pennsylvania 17102-1444

2

**C.**   *Additional Defendants (provide the same information for each defendant as listed in Item B above):*

Todd E. Mosko (D.B.A. "PHEAA")
1200 North Seventh Street
Harrisburg, Pennsylvania 17102-1444

## III.   STATEMENT OF CLAIM

*State here, as briefly as possible, the facts of your case. Describe how each defendant is involved. Include also the name(s) of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach extra sheets of paper if necessary.*

See Attachments, Pages 1 & 2

## III. STATEMENT OF CLAIM - *continued.*

See Attachments, Pages 1 & 2

## IV. RELIEF.

*State briefly and exactly what you want this court to do for you.*

See attachments, Page 2

I declare under penalty of perjury that the foregoing is true and correct.

Signed this __28__ day of __October__, __2016__.

_Hope L. Davis_
**Signature of Plaintiff**

311B Johnson Homes
**Address**
Dublin, Ga. 31021

478-278-7323
**Phone Number**

## III. STATEMENT OF CLAIM

**COMES NOW** Plaintiff, Hope D. Darrisaw, and brings this *Pro Se* Complaint for a monetary judgment and other relief against Defendants, PHEAA and Todd E. Mosko for violating the Fair Debt Collection Practice Act (FDCPA). The Defendants caused Plaintiff substantial harm and deprivation of wages as a result of their engaging in illegal, deceptive, and bad faith debt collection practices and thus, Plaintiff seeks relief. The complaint is as follows:

1. THE DEFENDANTS ENGAGED IN ILLEGAL DEBT COLLECTION PRACTICES

    a. When PHEAA (a consumer debt collection company that is not an agency of the US Government, but services Federal Student Loans) unlawfully threatened Plaintiff with a wage garnishment on June 16, 2016 for allegedly owing "defaulted loans";
    b. When Todd E. Mosko (SR. VP of Loan Assets Mgmt, acting on behalf of his employer PHEAA) unlawfully carried out the automatic wage garnishment on July 22, 2016 for the alleged "defaulted loans";
    c. When they, and both of them, carelessly used abusive and threatening collection tactics to force Plaintiff's employer to comply with the wage garnishment on September 8, 2016.

2. THE DEFENDANTS ENGAGED IN DECEPTIVE DEBT COLLECTION PRACTICES

    a. When the Defendants, and both of them, falsely claimed that the "defaulted loans" belonged to the Plaintiff;
    b. When the Defendants, and both of them, falsely claimed that PHEAA had a legal right to issue a wage garnishment to collect monies from the Plaintiff for the "defaulted loans";
    c. When PHEAA was unable to admit, acknowledge, and validate that the Plaintiff owed the Note.

3. THE DEFENDANTS ENGAGED IN BAD FAITH DEBT COLLECTION PRACTICES

    a. When PHEAA, at first, issued a wage garnishment for the Note, then, notified Plaintiff that the Note would be collected by way of Treasury offset, and ultimately, revisited Plaintiff's employer with a second letter threatening them to comply or else;
    b. When they, and both of them, maliciously put collection profits and financial, personal gains above the legal rights of Plaintiff;
    c. When the Defendants, and both of them, knew or should have known, with reasonable certainty, that under their numerous legal obligations, that if they collected on the Note with false and misleading information, Plaintiff could be injured.

*Hope D. Darrisaw*
*10-28-2016*

## III. STATEMENT OF CLAIM cont'd

**FURTHERMORE,** even though the Defendants, specifically PHEAA, purports to hold or own the "servicing rights" to the alleged federal Note that seems to fluctuate, and even though the Defendants, and both of them, have alleged that the defaulted Note belongs to the Plaintiff, PHEAA was unable to address or resolve Plaintiff's questions and concerns regarding the Note, outside of court, as a matter of law, to ensure that the consummation was legal, proper, and that Plaintiff received all legally required disclosures. However, as a direct and proximate result of the actions of the Defendants, and both of them, the Plaintiff has been subjected to tremendous harm and theft of wages.

## IV. RELIEF

The Plaintiff is not advocating for the imprisonment of the Defendants, but the Plaintiff is advocating for accountability. **WHEREFORE,** Plaintiff prays for judgment as follows:

1. The Court declares the Wage Garnishment, as illegal and unlawful;
2. The Court declares the Note as unenforceable;
3. The Court awards special/actual damages, based on garnished wages/ income loss;
4. The Court awards general damages, for emotional distress, grief, greater risk for financial hardship, and sleep deprivation;
5. The Court awards statutory damages, pursuant to the applicable Federal Civil Statute under which I have filed;
6. The Court awards punitive damages, for negligence and malice; and
7. For such other relief as the Court deems just and proper.

*Hope D. Dan*
10-28-2016

