IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| HOPE D. DARRISAW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 316-082 |
| | ) |
| PENNSYLVANIA HIGHER | ) |
| EDUCATION ASSISTANCE AGENCY | ) |
| (PHEAA), a Pennsylvania Corporation, | ) |
| also d/b/a AES and FEDLOAN, and | ) |
| JAMES L. PRESTON, in his capacity as | ) |
| President and officer of the Corporation, | ) |
| | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, a resident of Dublin, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in the above-captioned case. Because she is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). On November 4, 2016, the Court gave Plaintiff an opportunity to amend her complaint to cure pleading deficiencies, (doc. no. 4), and it is the amended complaint that is now before the Court for screening.

### I. SCREENING OF THE AMENDED COMPLAINT

#### A. BACKGROUND

Plaintiff names the following Defendants: (1) Pennsylvania Higher Education Assistance Agency (PHEAA), a Pennsylvania Corporation also doing business as American

Education Services (AES) and Federal Loan Servicing (FEDLOAN), and (2) James L. Preston, President of "the Corporation." (Doc. no. 5, p. 1.) Plaintiff identifies Defendants as debt collectors and asserts AES and FEDLOAN are "fictitious names owned by PHEAA, and used to service-private and/or federal guaranteed-student loans." (Id. at 3 & n.1.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

In April 2016 and continuing through the date of the amended complaint, PHEAA sent Plaintiff letters claiming Plaintiff's student loans are in default and demanding immediate, full payment. (Id. at 5.) According to the letters sent to Plaintiff, she borrowed over $18,000 from Wells Fargo Bank. (Id. at 6.) Plaintiff alleges this debt to Wells Fargo, with a specific account number listed, does not belong to her, and her actual student loans are in "deferment status," with no payment due until January 11, 2017. (Id., Ex. 8.) Despite Plaintiff's repeated attempts to correct the error with PHEAA and obtain a written validation notice of the debt, PHEAA continued its collection efforts and threatened wage garnishment. (Id. at 6.)

PHEAA eventually sent an "Order of Withholding From Earnings" to Plaintiff's employer directing a fifteen percent withholding of Plaintiff's disposable pay and sent a Notice of Proposed Treasury Offset to Plaintiff. (Id., Exs. 4, 5.) An administrative wage garnishment has been implemented against Plaintiff's wages. (Id. at 7 & Ex. 7.) Even after the implementation of the wage garnishment, direct contact to PHEAA produced a denial that Plaintiff owed a debt. (Id. at 7.) As to Defendant Preston, Plaintiff does not describe any direct involvement with her collection activities but states he "had the authority" to

control debt collection activities of PHEAA, or should have known PHEAA's improper conduct would adversely impact Plaintiff. (Id. at 8-9.)

Plaintiff asserts Defendants' actions violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et. seq.*, and section 5 of the Federal Trade Commission Act ("FTCA"), 15 U.S.C. § 45. (Id. at 2.) Plaintiff seeks injunctive relief, as well as statutory and punitive damages. (Id. at 12-13.)

### B. DISCUSSION

#### 1. Legal Standard for Screening

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure

3

does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. The amended complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Defendants No Longer Named in the Amended Complaint Should Be Dismissed.

In its November 4, 2016 Order, the Court informed Plaintiff her amended complaint would supersede and replace in its entirety the original complaint. (Doc. no. 4, pp. 3-4 (citing Krinsk v. SunTrust Banks, Inc., 654 F.3d 1194, 1202 (11th Cir. 2011); Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007).) In the amended complaint, Plaintiff no longer names Todd E. Mosko as a Defendant, and he should therefore be **DISMISSED**. Although Plaintiff still names PHEAA as a Defendant, because she changed the description of the corporation, the Clerk of Court added a second PHEAA defendant to the docket. In a separately issued Order, the Court directs service of process against PHEAA as identified in the amended complaint, but for the sake of clarity, the defendant listed as Pennsylvania Higher

4

Education Assistance Agency/FEDLOAN Servicing, the first PHEAA defendant on the docket, should be **DISMISSED**.

### 3. There Is No Private Right of Action under the FTCA.

The law is well-settled that there is no private right of action under the FTCA. Glover v. Wells Fargo Home Mortgage, No. 1:12-cv-1445-JEC-LTW, 2012 WL 12884642, at *2 (N.D. Ga. May 7, 2012) (citing Holloway v. Bristol-Myers Corp., 485 F.2d 986, 988 (D.C. Cir. 1973), *adopted by* 2012 WL 12884392 (N.D. Ga. May 25, 2012). Indeed, the federal Trade Commission is tasked with bringing enforcement actions under the FTCA. F.T.C. v. Tahsman, 318 F.3d 1273, 1277-79 (11th Cir. 2003). Because Plaintiff's purported FTCA claims fail as a matter of law, they should be **DISMISSED**.

### 4. Defendant Preston Should Be Dismissed.

Plaintiff states in conclusory fashion that Defendant Preston should be held responsible for the alleged violations of the FDCPA because he serves as President of PHEAA and is therefore liable for the actions of the company. However, the definition of a "debt collector" under the FDCPA does not cover "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor." 15 U.S.C. § 1692a(6)(A). As Defendant Preston is identified as President of PHEAA whose claimed involvement is as an officer responsible for corporate activity, he is, by definition, not covered by the FDCPA and cannot be held liable. See Johns v. Wells Fargo Bank, N.A., Civil Action No. 14-0254-KD-C, 2015 WL 9238957, at *9 (S.D. Ala. Dec. 17, 2015). Accordingly, Defendant Preston should be **DISMISSED**.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Defendants Todd E. Mosko, James L. Preston, and Pennsylvania Higher Education Assistance Agency/FEDLOAN Servicing, the first PHEAA defendant on the docket, as well as all claims under the FTCA, be **DISMISSED**.

SO REPORTED and RECOMMENDED this 29th day of November, 2016, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA