IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

HOPE D. DARRISAW,

    Plaintiff,

v.                                    CV 316-082

PENNSYLVANIA HIGHER EDUCATION
ASSISTANCE AGENCY (PHEAA),
a Pennsylvania Corporation
d/b/a AES and FEDLOAN,

    Defendant.

---

# O R D E R

Plaintiff Hope Darrisaw, proceeding *pro se*, has filed this civil action asserting claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, against Defendant Pennsylvania Higher Education Assistance Agency ("PHEAA"). PHEAA has moved to dismiss the case on the basis that it is not a debt collector under the FDCPA.[1] The motion to dismiss is hereby **GRANTED**.

## I. BACKGROUND

At the United States Magistrate Judge's direction,

---

[1] PHEAA also contends that Plaintiff did not exhaust her administrative remedies and that she fails to plead any actionable wrongdoing on its part. The Court need not address these arguments.

Plaintiff filed an amended complaint on November 21, 2016. Thereafter, the Magistrate Judge screened the amended complaint because Plaintiff is proceeding *in forma pauperis* and recommended dismissal of the individuals defendants and Plaintiff's claims under the Federal Trade Commission Act. This Court adopted the Report and Recommendation on December 27, 2016.

Plaintiff's remaining FDCPA claims against PHEAA arise out of the following allegations. Beginning in April 2016, PHEAA has sent several letters to Plaintiff claiming that she is in default of her federal student loans and demanding immediate, full payment. (Am. Compl. ¶¶ 18, 21, 23, 25-27.) In September 2016, PHEAA began garnishing her wages. (Id. ¶¶ 27-29.) PHEAA has also threatened to collect the debt by way of a Treasury offset. (Id. ¶ 26.) Plaintiff alleges that she believed the correspondence was a "fake debt collection scam," especially considering that her legitimate student loan debt is in deferment status. (Id. ¶¶ 20, 24.) Plaintiff further alleges that she has twice called a 1-800 number that she found on the internet related to PHEAA and the call representative could not find an outstanding debt owed by Plaintiff. (Id. ¶¶ 22, 30.) Based upon the foregoing, Plaintiff claims that PHEAA has engaged in abusive, deceptive and unfair collection practices under the FDCPA.

On January 31, 2017, PHEAA moved to dismiss. PHEAA explains that it is the loan guarantor for several federal student loans issued by Wells Fargo bank to Plaintiff under the Federal Family Education Loan Program ("FFELP"), which is authorized under Title IV, Part B, of the Higher Education Act of 1965, 20 U.S.C. §§ 1071 *et seq*. Under the FFELP, guaranty agencies, such as PHEAA, act as backstops for the loans such that if a borrower defaults, the guaranty agency pays a default claim to the lender and is then reimbursed by the Department of Education ("DoE").[2] 34 C.F.R. §§ 682.100; 20 U.S.C. § 1078(a). The guaranty agency is then required to attempt to collect the debt directly from the borrower on behalf of the DoE. 20 U.S.C. §§ 1078(c)(2)(A) (requiring due diligence in collection of loans), 1080(d); 34 C.F.R. § 682.410(b)(7)(ii)(C). In the instant case, PHEAA contends that it was diligently pursuing debt collection of Plaintiff's defaulted federal student loans as required by law in its capacity as the guaranty agency on the loans.

In response to PHEAA's motion to dismiss, Plaintiff responded with insistence that her loans are in deferment

---

[2] A guaranty agency is defined in the FFELP regulations as "[a] state or private nonprofit organization that has an agreement with the Secretary [of the DoE] under which it will administer a loan guarantee program under the Higher Education Act." 34 C.F.R. § 682.200.

3

status.[3] Plaintiff also filed a motion to amend her complaint because she was unaware of PHEAA's guaranty agency claim prior to filing her case, and she now wishes to add a claim of fraud because she does not agree with PHEAA's claim. (See Doc. No. 23, at 4 ("[PHEAA] knows or should know that its independent contractual relationship with the DoE does not grant it federal status, and its purchase of a federal loan debt does not grant it federal guarantor status. As a national provider of services to millions of student borrowers, it is disturbing that [PHEAA] would make such a fraudulently (sic) claim.").)[4] PHEAA opposes Plaintiff's motion to amend as futile.

The matters before the Court have been fully briefed and are ripe for consideration.

## II. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) does not test whether the plaintiff will ultimately

---

[3] Plaintiff attaches letters of deferment to the amended complaint; however, the referenced loans are serviced by Nelnet, not PHEAA. (See Am. Compl., Ex. 8.) At varying times, Plaintiff also claims that the PHEAA loans do not belong to her.

[4] Claiming fraud, Plaintiff has also moved to strike PHEAA's reply brief in support of its motion to dismiss. The Court finds PHEAA's reply brief to be appropriate in every respect, Plaintiff's disagreement with its premises notwithstanding. Accordingly, Plaintiff's motion to strike the reply brief (doc. no. 25) is **DENIED**.

4

prevail on the merits of the case. Rather, it tests the legal sufficiency of the complaint. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). Therefore, the court must accept as true all facts alleged in the complaint and construe all reasonable inferences in the light most favorable to the plaintiff. See Hoffman-Pugh v. Ramsey, 312 F.3d 1222, 1225 (11th Cir. 2002). The court, however, need not accept the complaint's legal conclusions as true, only its well-pled facts. Ashcroft v. Iqbal, 556 U.S. 662 (2009). A complaint also must "contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Id. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The plaintiff is required to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although there is no probability requirement at the pleading stage, "something beyond . . . mere possibility . . . must be alleged." Twombly, 550 U.S. at 556-57 (citing Durma Pharm., Inc. v. Broudo, 544 U.S. 336, 347 (2005)).

### III. LEGAL ANALYSIS

The FDCPA regulates the collection of "debts" by "debt collectors" by regulating the type and number of contacts a collector may make with the debtor. To state a claim under

5

the FDCPA, a plaintiff must establish that (1) she was the object of "collection activity" arising from "consumer debt"; (2) the defendant qualifies as a "debt collector" under the FDCPA; and (3) the defendant engaged in an act or omission prohibited by the FDCPA. <u>Belle Terrace Presbyterian Church v. CC Recovery</u>, 2014 WL 317190 (S.D. Ga. Jan. 28, 2014) (cited source omitted). The disputed issue brought to bear by the motion to dismiss is whether PHEAA falls under the definition of "debt collector."

Under the FDCPA, a "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Without more, this definition would include PHEAA. However, the FDCPA contains a number of exceptions to the generalized definition of "debt collector." The FDCPA expressly states that the following is <u>not</u> a "debt collector": "[A]ny person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity is incidental to a bona fide fiduciary obligation . . . ." 15 U.S.C. § 1692a(6)(F)(i).

Under the binding law of this circuit, this fiduciary exception unequivocally applies to a federal guaranty agency.

In Bennett v. Premiere Credit of N. Am., LLC, 504 F. App'x 872 (11th Cir. 2013), the Eleventh Circuit held that an agency's status as a guaranty agency places it in a fiduciary relationship to the DoE, and therefore the agency falls within the fiduciary exception to the term "debt collector" under the FDCPA. Id. at 878. Indeed, the Bennett court points out that the Higher Education Act of 1965 "expressly characterized the relationship between a guaranty agency and the DoE as a fiduciary relationship." Id. at 876 (citing 34 C.F.R. § 682.419(a)).

In this case, the Court takes judicial notice that PHEAA is a listed guaranty agency posted on the DoE's official website. See Guaranty Agency List, at https://ifp.ed.gov/drmaterials/attachments/appa.pdf (last visited April 11, 2017). Accordingly, at all times relevant to the amended complaint, PHEAA was acting incidental to its bona fide fiduciary relationship with the DoE. Thus, PHEAA is not a debt collector under the FDCPA.[5] Accord Donahue v.

---

[5] Plaintiff insists that the cases of United States ex rel. Oberg v. Pennsylvania Higher Education Assistance Agency, 804 F.3d 646 (4th Cir. 2015), and Pele v. Pennsylvania Higher Education Assistance Agency, 628 F. App'x 870 (4th Cir. 2015), compel a contrary conclusion. In those cases, the Fourth Circuit held, respectively, that PHEAA was not an "arm of the state" for purposes of determining whether it was a "person" subject to liability under the False Claims Act and for purposes of denying it Eleventh Amendment immunity. These cases are irrelevant to the inquiry in the case at bar, contrary to Plaintiff's steadfast insistence to the contrary.

Regional Adjustment Bureau, Inc., 2013 WL 607853 (E.D. Pa. Feb. 19, 2013) (holding the PHEAA, as a guaranty agency, stands in a fiduciary relationship with the DoE and therefore is not a debt collector under the FDCPA).

## IV. CONCLUSION

Because PHEAA is not a debt collector under the FDCPA, Plaintiff has failed to state a plausible claim for relief under the FDCPA. For this reason, Defendant PHEAA's motion to dismiss (doc. no. 15) is **GRANTED**. Plaintiff's motion for leave to file an amended complaint (doc. no. 23) is **DENIED** because it would be futile. The Clerk is directed to **TERMINATE** all pending motions, **ENTER JUDGMENT** for Defendant, and **CLOSE** the case.

**ORDER ENTERED** at Augusta, Georgia, this ____ day of April, 2017.

_____
UNITED STATES DISTRICT JUDGE